**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| DOCTOR CHRIST ECSTASY,<br><br>               Plaintiff,<br><br>vs.<br><br>TE SUBCOM, *et al.*,<br><br>               Defendants. | Case No. 2:15–cv–1730–JCM–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (#1) |

This matter involves *pro se* Plaintiff Doctor Christ Ecstasy's employment-discrimination action against TE Subcom and Transoceanic Cable Ship Company. Before the court is Mr. Christ Ecstasy's Application to Proceed *in Forma Pauperis* (#1) and Complaint (#1-1). For the reasons stated below, Mr. Christ Ecstasy's Application to Proceed *in Forma Pauperis* (#1) is denied.

**I.    *In Forma Pauperis* Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Mr. Christ Ecstasy's Application to Proceed *In Forma Pauperis* states that he is self-employed, owns a coffee shop with his Thai wife in Thailand, is receiving unemployment benefits of $430 per week, and the rights to property in Ecuador worth "$1,000,000++." He application also states that he support dependents, whose "ancestors owned the farm the Battle of Bunker Hill was fought on." When working, these "people pay me." Accordingly, his Application to Proceed *In Forma Pauperis* is denied.[1]

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is DENIED.

IT IS FURTHER ORDERED that Plaintiff pay the court's filing fee by September 25, 2015. Failure to timely pay the court's filing fee may result in a recommendation to the district judge that this action be dismissed.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from

---

[1] The court's preliminary review of Mr. Christ Ecstasy's complaint indicates that his action is likely time barred. The U.S. Equal Employment Opportunity Commission, which issued a right-to-sue letter on June 3, 2015. *See* (Doc. #1-2 at 2). Mr. Christ Ecstasy did not commence this action until September 9, 2015, which is 98 days after the right-to-sue letter was issued. *See* 29 U.S.C. § 626(e) ("A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice."). Courts have repeatedly held that failure to file a complaint in federal court within 90 days after receipt of an EEOC right-to-sue letter renders the action untimely. *Littell v. Aid Association for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995).

the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE